JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-0255 AG (JPRx) | Date | February 15, 2013 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. J. NATIVIDAD PONCE | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

Plaintiff Federal National Mortgage Association ("Plaintiff") filed this case in state court for unlawful detainer against Defendant J. Natividad Ponce. On February 13, 2013, Itzel Mercado ("Mercado"), claiming to be a defendant, filed a Notice of Removal ("Notice"), which removed the case from state to federal court. (Dkt. No. 1.)

Plaintiff's Complaint states a simple state cause of action for unlawful detainer. Mercado's Notice of Removal gives three bases for federal jurisdiction. First, Mercado argues that federal jurisdiction is proper based upon federal question jurisdiction. Mercado specifically alleges that his claim "arises under the Truth in Lending Act (15 U.S.C. § 1601, et. seq.) and under the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et. seq.)." (Notice, at 2-3.) But federal questions conferring jurisdiction "must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir 2004) (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)). Because the federal statutes here appear in the Notice, and not in Plaintiff's Complaint, Plaintiff's action does not "aris[e] under" the Truth in Lending Act or the Real Estate Settlement

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0255 AG (JPRx) | Date | February 15, 2013 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. J. NATIVIDAD PONCE | | |

Procedures Act.  *See* 28 U.S.C. § 1331.

Mercado next argues federal jurisdiction is proper under diversity jurisdiction, but Mercado has not alleged the citizenship of either party.  *See* 28 U.S.C. § 1332(a).

Mercado's last argument for federal jurisdiction rests on 28 U.S.C. § 1443(1), which authorizes removal of cases that are

> Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

Courts must apply a two-part test to determine whether a case is properly removed under § 1443(1).  *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966).  "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights."  *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970).  "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Id.*

Mercado fails to justify removal under 28 U.S.C. § 1443(1).  Even assuming that Mercado's notice of removal satisfies the first prong of the test under Section 1443(1), Mercado has failed to support his allegation of civil rights violations with a "reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Sandoval*, 424 F.2d at 636.  Thus, Mercado's reliance on 28 U.S.C. § 1443(1) is misplaced.  *See Greenwood v. Peacock*, 384 U.S. 808, 815 (1966).

In closing, the Court reminds Mercado that the United States Supreme Court has said, "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0255 AG (JPRx) | Date | February 15, 2013 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. J. NATIVIDAD PONCE | | |

landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases raises the concerns stated by the Supreme Court in *Lindsey*. Mercado is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

Mercado fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

: 0

Initials of Preparer    lmb